UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEWEY L. EUBANKS,

     Plaintiff,

v.                            Case No:  2:17-cv-182-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## <u>OPINION AND ORDER</u>

This cause comes before the Court on Plaintiff Dewey Eubanks' Complaint (Doc. 1) filed

on March 31, 2017.  Plaintiff seeks judicial review of the final decision of the Commissioner of

the Social Security Administration denying his claims for a period of disability and disability

insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter

referred to as "Tr." followed by the appropriate page number), and the parties filed legal

memoranda in support of their positions.  For the reasons set out herein, the decision of the

Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security

Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and
Standard of Review**

     **A.**     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment that can be expected to result in

death or that has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1] The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**B.    Procedural History**

On January 23, 2014, Plaintiff filed an application for period of disability and disability insurance benefits with an alleged onset date of January 7, 2012. (*See* Tr. at 71, 225). The application was denied initially on April 16, 2014 and upon reconsideration on August 1, 2014. (Tr. at 135, 150). A video hearing was held before Administrative Law Judge ("ALJ") Rosanne M. Dummer on December 23, 2015. (Tr. at 91-125). The ALJ issued an unfavorable decision on February 18, 2016. (Tr. at 68-90). The ALJ found that Plaintiff had not been under a disability from January 7, 2012 through the date of the decision. (Tr. at 84).

On February 22, 2017, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-7). Plaintiff filed a Complaint (Doc. 1) in this Court on March 31, 2017. Defendant filed an Answer (Doc. 11) on July 17, 2017. The parties filed a Joint Memorandum, setting forth their positions and arguments on the issues. (Doc. 22). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16). This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C.     Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2]  An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act though December 31, 2018.  (Tr. at 73).  At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity during the following period, August 2012 through August 2013.  (*Id.*).  The ALJ found, however, that there was "a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity."  (Tr. at 74).  Thus, the ALJ's "remaining findings address the period(s) the claimant did not engage in substantial gainful activity."  (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "left shoulder tendinopathy and cervical and lumbar degenerative disc disease with low back

---

[2] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

strain." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526)). (Tr. at 75).

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "light work" except:

> [Plaintiff] is able to lift/carry twenty pounds occasionally and ten pounds frequently; sit about six of eight hours; and stand/walk about six of eight hours. He could occasionally climb, balance, stoop, kneel, crouch, and crawl. He should avoid ladders, ropes, and scaffolds and should not work around unprotected heights. [Plaintiff] could reach overhead on an occasional basis.

(*Id.*).

At step four, the ALJ determined that Plaintiff could perform his past relevant work as a front desk clerk. (Tr. at 82). The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.*). In comparing Plaintiff's RFC with the physical and mental demands of this work, the ALJ found that Plaintiff is able to perform the job of front desk clerk as it is actually and generally performed. (*Id.*). Of note, however, the ALJ made no finding that Plaintiff could return to his past relevant work as a firefighter or warehouse worker. (*See id.*).

Although not required to proceed to step five, the ALJ made alternative findings for step five. (*See id.*). At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). Specifically, the ALJ asked the vocational expert ("VE") whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that someone with Plaintiff's age, education, work

experience, and RFC would be able to perform the requirements of representative occupations at the light level such as "(1) price marker (DOT code: 209.587-034), 280,000; (2) routing clerk (DOT code: 222.587-038), 54,000; and (3) small parts assembler (DOT code: 706.684-022), 67,000." (Tr. at 83). Additionally, at the sedentary level, the VE testified that representative occupations include "(1) document preparer (DOT code: 249.587-018), 46,000; (2) toy stuffer (DOT code: 731.685-014), 50,000; (3) printed circuit board screener (DOT code: 726.684-110), 24,000; (4) administrative support worker (DOT code: 209.587-010), 7,500; and (5) pharmaceutical processor (DOT code: 559.687-034), 9,000." (*Id.*).

The ALJ noted the VE's testimony "that if an individual needed to change positions at the workstation, then the job of routing clerk would be precluded. The job of front desk clerk would be reduced by 50% to 77,500. All other jobs would remain." (*Id.*). The VE also "explained that she has placed many people in that type of job and that half of the duties performed at the light level would require an individual to be on his feet." (*Id.*).

The ALJ further found that the evidence did not support a finding that Plaintiff would (1) be off task for 25% of the workday, (2) need to take unscheduled breaks about two to three times a day away from the workstation, in addition to regularly scheduled breaks, or (3) miss work about three to four days a month. (*Id.*). The ALJ found that "[n]o evidence indicates that the claimant would require more than the customary work breaks for the jobs above." (*Id.*). The ALJ also rejected Plaintiff's counsel's hypotheticals. (Tr. at 84).

The ALJ noted that the VE obtained job numbers using Job Browser Pro, a software program based on Bureau of Labor statistics of the Department of Labor. (Tr. at 83). The ALJ stated that the "job numbers were given based on the DOT codes specific to the jobs identified and did not reflect an entire Standard Occupational Classification." (*Id.*). The VE testified "that

the numbers given were estimates and not exact numbers, as the numbers are released annually based on estimates provided by employers." (Tr. at 83-84). Additionally, the ALJ stated that "the software program [the VE] used was updated as of April 2015 and was representative of numbers from May 2014." (Tr. at 84). The ALJ noted the VE's belief that it was a reliable program. (*Id.*). The ALJ also noted that the Social Security Administration has recognized Skill TRAN, Job Browser Pro as an acceptable electronic version of the of the DOT when preparing vocational determinations. (*Id.*).

Pursuant to Social Security Ruling ("SSR") 00-4p, the ALJ determined that the VE's testimony is not inconsistent with the information contained in the *Dictionary of Occupational Titles*. (*Id.*). The ALJ found that "[a]ny discrepancies the vocational expert explained were based on her training, education, and experience in this specialized field." (*Id.*). Based on the VE's testimony, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id.*). Thus, the ALJ found that a finding of "not disabled" was appropriate. (*Id.*).

Accordingly, the ALJ concluded that Plaintiff was not under a disability from January 7, 2012, through the date of this decision. (*Id.*).

### D.    Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such

relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II.    Analysis

Plaintiff raises four issues on appeal, which are summarized as follows:

1. The ALJ's decision is unsupported by substantial evidence because she relied upon the VE's testimony regarding job numbers which came from an unreliable source.

2. The ALJ incorrectly found that the Plaintiff could perform his past relevant work as front desk clerk.

3. The ALJ improperly failed to include limitations due to the Plaintiff's migraine headaches.

4. The ALJ improperly rejected the functional capacity evaluation of James Stoeberl.

(Doc. 22 at 11-35). The Court addresses these issues below, beginning with Mr. Stoeberl's evaluation.

## A.      The RFC Evaluation by James Stoeberl

Plaintiff argues that the ALJ improperly rejected the functional capacity evaluation of James Stoeberl, a physical therapist.  (Doc. 22 at 29).  Plaintiff contends that the ALJ's sole ground for rejecting the opinion was that it "appear[ed] to be based on the claimant's subjective complaints."  (*Id.* (citing Tr. at 81)).  Plaintiff argues, however, that Mr. Stoeberl's report shows that he performed reliability testing, which testing showed only minor inconsistencies with the functional capacity evaluation.  (*Id.* (citing Tr. at 714)).  Plaintiff argues that "the ALJ otherwise did not elaborate why she believed Mr. Stoeberl's opinion and report were based on the Plaintiff's subjective complaints."  (*Id.*).

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because she failed to include Mr. Stoeberl's limitations in the hypothetical questions to the VE.  (*Id.* at 30).  For instance, Plaintiff states that Mr. Stoeberl found that Plaintiff could only perform occasional fingering, yet the jobs listed by the VE require frequent fingering.  (*Id.*).

Defendant disagrees with Plaintiff, arguing that the ALJ properly evaluated the medical evidence of record and that substantial evidence supports the ALJ's RFC finding.  (*Id.* at 30-32).  Moreover, Defendant argues that the ALJ properly assigned little weight to Mr. Stoeberl's opinion because he was a physical therapist, who is not an "acceptable medical source."  (*Id.* at 32 (citing 20 C.F.R. § 404.1513(a)).  Because Mr. Stoeberl is not an acceptable source, Defendant argues that he could not render a "medical opinion."  (*Id.* (citing 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2))).  As a result, Defendant argues that the evidence from Mr. Stoeberl is not entitled to any deference.  (*Id.*).  Instead, Defendant contends that "Mr. Stoeberl is simply considered an 'other source,' and the ALJ may consider the evidence from him."  (*Id.*

(citing 20 C.F.R. § 404.1513(d)).  Defendant maintains that "[t]his is precisely what the ALJ did in this case."  (*Id.*).

In evaluating this issue, the Court notes that the Social Security regulations define "medical opinions" as "statements from physicians and psychologists or other *acceptable medical sources* that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2) (emphasis added).  As noted above, "acceptable medical sources" include professionals such as licensed physicians and licensed psychologists.  *Id.* § 404.1513(a). Physical therapists are not acceptable medical sources.  *See* 20 C.F.R. § 404.1513(a).  Instead, they are considered an "other source."  *See id.* § 404.1513(d).

As an "other source," opinions from physical therapists are not considered "medical opinions" under the regulations.  *See* SSR 06-03p, 2006 WL 2329939, at *2.  Further, under the regulations, only the opinions of acceptable medical sources may be given controlling weight. *See* 20 C.F.R. § 404.1527; *see also* SSR 06-03p, 2006 WL 2329939, at *2.  Moreover, "an ALJ is not required to accept the opinion of an individual who is not listed as an acceptable source of medical evidence."  *Berry v. Astrue*, No. 509-cv-328-OC-GRJ, 2010 WL 3701392, at *8 (M.D. Fla. Sept. 15, 2010) (citing SSR 06-03p; *Frantz v. Astrue*, 509 F.3d 1299 (10th Cir. 2007); 20 C.F.R. §§ 404.1513(d), 416.913(d)).

Under Agency guidelines, however, while information from other sources "cannot establish the existence of a medically determinable impairment," the information from other sources "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."  SSR 06-03p, 2006 WL 2329939, at *2.  Indeed, while physical

therapist's opinions are not entitled to any special consideration, this Court has stated that their opinions are "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Berry*, 2010 WL 3701392, at *8 (citing SSR 06-03p; *Frantz*, 509 F.3d at 1299; 20 C.F.R. §§ 404.1513(d), 416.913(d)).

Against this backdrop, the Court finds that the ALJ failed to consider Mr. Stoeberl's opinion properly and erred in discounting it. As an initial matter, however, Defendant is correct on a number of grounds. Indeed, as a physical therapist, Mr. Stoeberl is not an acceptable source, meaning that he cannot render a "medical opinion." *See* 20 C.F.R. §§ 404.1513(a); 404.1527(a)(2). Moreover, because Mr. Stoeberl is a physical therapist, the evidence from Mr. Stoeberl is not entitled to any special deference. (*Id.*). Further, because Mr. Stoeberl is not an acceptable source of medical evidence, the ALJ was not required to accept his opinion. *See Berry*, 2010 WL 3701392, at *8 (citing SSR 06–03p; *Frantz*, 509 F.3d 1299 (10th Cir. 2007); 20 C.F.R. §§ 404.1513(d), 416.913(d)).

Yet this Court has noted previously that opinions from physical therapists are "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* In this instance, the ALJ did not evaluate Mr. Stoeberl's opinion on the key issues of impairment severity or functional effects. *See id.* In fact, the ALJ's only comment on Mr. Stoeberl's opinion was that Plaintiff had a Functional Capacity Evaluation on April 15, 2014, where Plaintiff was found to be limited to sedentary work. (Tr. at 81 (citing Tr. at 713-716)). The ALJ found that this opinion was entitled to little weight because it appeared to be based on Plaintiff's subjective complaints. (*Id.*).

As pointed out by Plaintiff, however, this statement appears to be factually inaccurate. (*See* Doc. 22 at 29). Indeed, Mr. Stoeberl's report reveals that he performed reliability testing,

which testing showed only minor inconsistencies with Plaintiff's subjective complaints. (*See* Tr. at 714). The presence of reliability testing contradicts the ALJ's conclusion that the report is based primarily on Plaintiff's subjective complaints. (*See* Tr. at 81). Instead, the report appears to be based on both subjective and objective data. (*See* Tr. at 713-16).

Because the ALJ failed to analyze the key issues of impairment severity and functional effects in addition to the apparently factually incorrect conclusion regarding Mr. Stoeberl's opinion, the Court does not know whether Plaintiff's impairments were more severe or whether Plaintiff has additional functional effects not included in the RFC. As noted by Plaintiff, for example, Mr. Stoeberl opined that Plaintiff could only perform occasional fingering. (Tr. at 715). The RFC, however, did not include any limitations as to fingering. (Tr. at 75). Any additional limitations would impact the ALJ's analysis at step four and step five. As a result, the Court cannot find that the ALJ's error is harmless.

As a final matter, the Court notes that the ALJ was under no obligation to include additional limitations unsupported by the record. Nonetheless, the Court cannot overlook what occurred here given that the ALJ did not properly evaluate Mr. Stoeberl's opinion. Indeed, the Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Commissioner of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted); *see also Williams v. Comm'r of Soc. Sec.*, No. 6:13-CV-1667-ORL-GJK, 2015 WL 1003852, at *2 n.3 (M.D. Fla. Mar. 6, 2015). Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id.* As a result, the Court need not accept the Commissioner's *post-hoc* rationalization for the agency's actions. *See Baker*, 384 F. App'x at 896. Furthermore, the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x

875, 877 (11th Cir. 2013). Here, the Court declines to adopt the ALJ's conclusions even though some other rationale might have supported them. *See id.*

Based on the foregoing, the Court reverses and remands the decision of the Commissioner. On remand, the ALJ should evaluate Mr. Stoeberl's opinion with regard to Plaintiff's impairment severity and functional effects, along with the other relevant evidence of record.

### B.    Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record. Indeed, because a re-evaluation of this evidence may impact the analysis of other elements of the ALJ's decision – including the RFC determination – the Court finds that any ruling on Plaintiff's remaining arguments is premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

## III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Accordingly, the Court hereby **ORDERS** that:

1) The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to review the entire medical evidence of record, including Mr. Stoeberl's opinion.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order

   (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on May 23, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties